**Anne M. WESIG, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 5:94CV0273.

United States District Court,
N.D. Ohio,
Eastern Division.

Oct. 19, 1994.

**96**

John A. Nehrer, Sr., Nehrer & Nehrer, Cuyahoga Falls, OH, for plaintiff.

Carina J. Campobasso, Dept. of Justice, Washington, DC and Annette G. Butler, Office of the U.S. Atty., Cleveland, OH, for defendant.

## MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

Plaintiff Anne M. Wesig ("Wesig") seeks a refund of federal income taxes allegedly overpaid for the taxable year ending December 31, 1979. Defendant, United States of America ("USA") moves for summary judgment. (# 18)

For the reasons stated below, this Court hereby grants defendant's motion for summary judgment and enters judgment in favor of the defendant.

### I.

Wesig received a tax assessment for 1979 as the owner/proprietor of Akron Tree Experts. Akron Tree Experts was an unincorporated small business operated by her husband, George Wesig. According to George Wesig, sometime during the 1960s, he placed Akron Tree Experts in his wife's name for purposes of preventing his ex-wife from discovering and collecting on the business's assets. Mem. in Opp. to Summary Judgment, Exhibit 3 at 25–27.

Neither Wesig nor her husband filed an income tax return between 1979 and 1984. As a result of an investigation regarding the Wesigs' returns, the USA discovered documents which named Anne Wesig as the owner of Akron Tree Experts.

The USA issued a notice of deficiency to Ms. Wesig, listing deficiencies for the six years from 1979 to 1985. The USA assessed the 1979 deficiency ($5,258.00) against Wesig on July 13, 1987 after receiving no response from Wesig regarding the notice of deficiency.

Wesig appeals this assessment. She contends that she earned no income from the business, that she performed no services for the business, and that her husband was the sole operator of the business.

In support of its assessment, the USA points to a series of documents which suggest that Wesig was, in fact, the owner of Akron Tree Experts. First, there is a certificate dated 1968 which reads, in part,

This is to certify that I am carrying on my business under the name Akron Tree Experts and I hereby certify that I am the sole proprietor of said concern, which is a trade name only, not a corporation. I further agree to notify you promptly of any change in the ownership of the business, or should the above concern be incorporated. Akron, Ohio, April, 1968.

Defendant's Mem. in Supp. of Summary Judgment, Exhibit 2. The signature line bears a single name: Anne M. Wesig. The certificate further authorizes George Wesig to endorse instruments and draw on the bank account. Wesig admits that the signature was hers and that she knew that she was being represented as the owner of the business. She stated, "He [George Wesig] told me that he had used my name, but I had no objection because it was my husband using it." Deposition of Anne Wesig, Plaintiff's Mem. in Opp., Exhibit 1 at 21.

The USA provides copies of tax statements from 1977 and 1978 which list Anne Wesig as the proprietor of Akron Tree Experts. Mem. in supp. of Summary Judgment, Exhibits 4 and 5. Wesig admits to being named as the proprietor on each Schedule C and admits that the signatures are her own. Mem. in Supp. of Summary Judgment, Exhibit 1 at 18–19.

The USA further provides bank signature cards and cancelled checks from various tree businesses, including Akron Tree Experts. Each of them bears the name Anne Wesig and a signature. For each of these, Wesig contends that the signatures are not hers and are more likely those of her husband. Plaintiff's Mem. in Opp., Exhibit 1 at 15.

Plaintiff does not dispute any of the income figures on which the assessment was based. She contends only that the assessment should have been brought against her husband instead.

## II.

Federal Rule of Civil Procedure 56(c) governs summary judgment motions and provides:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law ...

In reviewing summary judgment motions, this Court must view the evidence in a light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *White v. Turfway Park Racing Assn., Inc.*, 909 F.2d 941, 943–44 (6th Cir. 1990). A fact is "material" only if its resolution will affect the outcome of the lawsuit.

## III.

Wesig presents this Court with two disputed issues of fact. First, she alleges that some of the signatures presented by the USA are not, in fact, her own. This assertion is supported by an affidavit by her husband in which he states that he frequently signed her name to documents. Mem. in Opp. to Summary Judgment, Exhibit 3 at 12, 22–30. Second, Wesig asserts that she performed no active work for Akron Tree Experts during the time in question. In support of this, she provides affidavits from two former employees who testified that they have no recollection of her ever working there. Mem. in Opp. to Summary Judgment, Exhibits 5 and 6.

In the action at hand, however, neither of these questions of fact presents a material issue of fact which merits a trial. In the absence of a dispute of material fact, summary judgment is appropriate.

Even if this Court were to accept Wesig's challenge to the authenticity of the signatures on one of the bank cards and on the checks offered in evidence by the USA, there would be no factual issue regarding her ownership of Akron Tree Experts. Wesig admits signing a certificate representing that she was the owner to the bank in which the company's accounts were located. She further represented to the federal government that she was the proprietor of the business on her tax forms. While Wesig may not have fully appreciated the meaning of her representations, she nonetheless established herself as the owner of Akron Tree Services.

Wesig's evidence that she performed no work for Akron Tree Services during the time in question is equally immaterial to this case. Even if this Court were to accept the affidavits from the former employees as evidence that she did no work, this fact would not establish that she did not own the business. Wesig had the authority to draw on the accounts of the business, to endorse instruments on behalf of the business, and to conduct all manner of banking business on behalf of the business as its named proprietor. A proprietor's failure to engage herself or himself in the daily operations of a business is no indication of whether or not the proprietor actually owns the business.

Wesig has presented no evidence which may be viewed as creating an issue of material fact regarding her ownership of Akron Tree Experts. As the owner of the business, Wesig is appropriately taxed by the United States.

## IV.

In sum, Wesig presents the court with no disputed issues of material fact. Even viewed in a light most favorable to Wesig, there is not a dispute of fact sufficient to create a jury question. Accordingly, this Court grants defendant United States of America's motion for summary judgment.

This order is final and appealable.

IT IS SO ORDERED.